**BOWLES, Price Administrator, v. RELKIN.**

District Court, S. D. New York.

Oct. 27, 1945.

Callman Gottesman, Chief Enforcement Atty., New York Metropolitan Office, and Julius Roth, Apparel & Industrial Materials Enforcement Section, both of New York City, for plaintiff.

Rapaport Brothers, of New York City (Henry N. Rapaport, and Allen H. Suffern, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff moves "for a summary judgment for the relief demanded in the complaint." The pleadings together with supporting and opposing affidavits have been submitted. The complaint consists of two claims or counts. It charges in Count I that "during the period between February 7, 1944, and March 25, 1944 inclusive, the defendant sold, delivered and offered to sell and deliver, cotton grey goods, at prices in excess of the maximum prices established therefor by R.P.S. (M.P.R.) 35." Count II realleges every allegation of Count I and adds that the Price Administrator "brings this action for treble damages on behalf of the United States pursuant to the provisions of Section 205(c) and 205(e) of the Act (Emergency Price Control Act of 1942 as amended [50 U.S. C.A.Appendix § 925(c, e)])," and that the total overcharge involved is $1,782.40. The prayer for relief is as follows:

"Wherefore, the Administrator demands:

"A. A permanent injunction, enjoining and restraining the defendants, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with any of them, from engaging in or causing any of the following acts or omissions to act:

"1. Selling or delivering carded grey and colored yarn cotton goods at prices in excess of the maximum prices established by Revised Price Schedule No. 35;

"2. Offering, soliciting, attempting or agreeing to do any of the foregoing; and

"B. Judgment in favor of plaintiff against defendant in an amount equal to three times the aggregate amount referred to in paragraph 10 of the complaint.

"C. Such similar, other and further relief as may be just and equitable under the circumstances."

Plaintiff's attorney, in a supporting affidavit, contends that defendant's denials of some of the allegations of the complaint are sham and frivolous and should be dis-

regarded, and that those allegations, together with the facts developed through requests for admissions, warrant the conclusion that there were overcharges of $1,575.39. I do not feel that I would be justified in adopting those figures. They are contradicted by the defendant's schedule, annexed to the opposing affidavit, showing five sales with a total overcharge of $820.29, if M.P.R. 35 and not M.P.R. 127 is applicable. The total amount of the overcharge is in dispute as well as the applicable Maximum Price Regulation. It also appears that these sales were resales of one shipment of goods, which the defendant bought from Robert Mars and resold within a few weeks to three or four customers. Defendant did a total business of about $820,000 in 1944. He says that all his business had been conducted under M.P.R. 127, and that as to this particular shipment he was advised originally by the O.P.A. that M.P.R. 127 (Bleached Piece Goods) governed and not M.P.R. 35 (Carded Grey and Colored-Yarn Cotton Goods).

In my opinion there is considerable doubt as to whether any injunction should be granted in this case, if defendant establishes his good faith in endeavoring to comply with the Regulations. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

■ Further under § 205(e) of the Emergency Price Control Act, 50 U.S. C.A.Appendix § 925(e), the amount of the judgment (after the amount of the overcharge on each sale has been judicially determined) need not be for treble damages. To a certain extent the amount of the judgment would be within the discretion of the trial judge. § 205(e). Said subsection (e) also adds: "Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

■ There are several important and basic issues of fact which should be disposed of at a trial before any judgment is entered herein. The motion for summary judgment is accordingly denied. Rule 56, subd. (c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Settle order.